**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 11 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALVIR SINGH GREWAL, | No.    16-70871 |
| Petitioner, | Agency No. A200-591-621 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Balvir Singh Grewal, a native and citizen of India, petitions for review from

an order of the Board of Immigration Appeals ("BIA") upholding the denial of his

claims for asylum, withholding of removal, and protection under the Convention

Against Torture ("CAT").  We have jurisdiction pursuant to 8 U.S.C. § 1252, and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we deny the petition.

Substantial evidence supports the adverse credibility determination of the Immigration Judge ("IJ"). The IJ and the BIA (collectively, "the agency") highlighted numerous inconsistencies among Grewal's retellings of the persecution he faced in India. Grewal, who testified that he worked as a local organizer for the Shiromani Akali Dal Mann ("Mann") Party, described three separate instances in which he was beaten by members of a rival political party—the Congress Party—and by local police aligned with the Congress Party. But each time Grewal explained these incidents, the story changed, sometimes in material ways.

For example, in his credible fear interview and original asylum application, Grewal said that he was abducted by local police, beaten, and detained at the police station for *one* night, until his father paid a bribe to secure Grewal's release the following day. By contrast, in his amended declaration in support of his asylum application, and in his testimony before the IJ, Grewal claimed to have been detained for *two* nights at the police station. When describing the second attack, Grewal testified that the most serious injury he sustained was a knee injury that required stitches. But the doctor's note Grewal submitted as corroborating evidence made no mention of a knee injury or of stitches. With regard to the third incident, Grewal changed the number of assailants involved from five to ten between his asylum application and his amended declaration. When confronted

2

with these inconsistencies, Grewal failed to provide a compelling explanation. Collectively, these discrepancies constitute substantial evidence to support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The adverse credibility determination renders Grewal ineligible for asylum because the remaining evidence in the record is insufficient to support Grewal's claim. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). The documentary evidence Grewal submitted did not independently demonstrate that he had suffered past persecution or that he faces a sufficient risk of future persecution.

Because Grewal cannot establish eligibility for asylum, he "necessarily fails to carry the greater burden of establishing eligibility for withholding of removal."[1] *Id.* And because Grewal's CAT claim is "based on the same statements . . . that the BIA determined to be not credible in the asylum context," the agency's conclusion that Grewal failed to show a probability of torture upon return to India is supported by substantial evidence. *Id.* (alteration in original) (quotation marks omitted).

**PETITION DENIED.**

---

[1] Because we uphold the agency's denial of Grewal's claims on adverse credibility grounds, we do not reach the agency's alternative conclusion that Grewal was ineligible for relief due to his ability to relocate internally within India. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 n.6 (9th Cir. 2010).